NOWELL v. INTERNATIONAL TRUST CO.

(First Division.  Juneau.  January 27, 1907.)

No. 610A.

1. CORPORATIONS (§ 668*)—FOREIGN CORPORATIONS—SUMMONS—SERV-
ICE BY PUBLICATION.

Plaintiff brought the action to recover for services rendered to
the defendant, a foreign corporation.  Personal service on an
agent or officer could not be obtained.  The plaintiff filed an af-
fidavit, stating that personal service of the summons could not
be had upon defendant in the district; that, after the exercise
of due diligence, defendant could not be found in the district, and
had no president or other head of the corporation, secretary,
cashier, managing agent, clerk, or other agent residing in or to
be found within the district, and none of these had any place of
abode within the district; that the defendant is a foreign cor-
poration, organized under the laws of Massachusetts, residing at
Boston; that defendant has property within the district; that
plaintiff has a cause of action against defendant on an express
contract for the payment of money for services rendered in the
district.  He also sets forth an attempted personal service, and the
fact that it was set aside.  The affidavit did not, but the records
in the case did, show that at the time of filing this affidavit and
the order for substituted service by publication the marshal had
seized the real property of the defendant in the territory in at-
tachment.  *Held*, that service by publication was good against the
defendant to the extent of the property seized in attachment, al-
though that fact was not shown to the court making the order,
and was not then known to the judge.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §
2624; Dec. Dig. § 668.*]

On motion to quash service of summons, defendant appears
specially.  The grounds of the attack are thus clearly stated
in the motion:

"First, that it appears affirmatively on the affidavit for the serv-
ice of summons by publication that the defendant is a foreign corpo-

ration; second, it does not appear from such affidavit for service of summons by publication that any property belonging to the defendant corporation had been attached herein at the time of the making of the order for the service of summons herein by publication, and it does affirmatively appear from the records and files herein that this action is not one which in any way concerns title to real estate, or any interest therein, or any lien or incumbrance thereon, nor does it appear that said action is one concerning the title to any personal property, or any interest therein, or any lien or incumbrance thereon, but that said action is merely an action for the collection of an alleged debt."

The complaint sets up a claim for services rendered by the plaintiff to defendant; that plaintiff is a resident of the district of Alaska, and defendant a foreign corporation having its domicile at Boston, Mass. The summons in the case was issued on the 6th of April, 1907, and was served on one of counsel for the defendant, in the belief that he was the defendant's agent. This service was later set aside; it appearing that counsel upon whom the service had been had was not its general attorney, and had never been authorized to act for it, except when specially retained for particular purposes, and that he was not authorized to receive service of the summons and complaint. Thereafter an application was made to the court, on plaintiff's affidavit, for service of the summons by publication. The affidavit sets forth that personal service of the summons could not be had upon defendant in the district; that, after the exercise of due diligence, defendant could not be found in the district, and had no president or other head of the corporation, secretary, cashier, managing agent, clerk, or other agent residing in or to be found within the district, and none of these had any place of abode in the district; that the defendant is a foreign corporation, organized under the laws of Massachusetts, residing at Boston; that defendant has property within the district; that plaintiff has a cause of action against defendant;

and that such cause of action consists in an express promise and contract for payment of money for services rendered in the care and custody of the defendant's property in the district. It also sets forth the attempted service and that such service was set aside. The affidavit in no way refers to any writ of attachment in the case, nor does it set forth the taking of any steps toward obtaining such a writ or toward bringing defendant's property under the control of the court. The records in the clerk's office, however, disclosed at that time that a writ of attachment had issued, but nothing further with relation thereto. Upon plaintiff's affidavit, an order for substituted service was made; the order briefly setting forth the facts as stated in the affidavit, and directing that the summons be served by publication in manner therein described, and that a copy of the summons and complaint be forthwith deposited in the post office, postage prepaid, directed to the defendant at its residence in Boston, Mass. On August 21st, when the motion to set aside the service was filed, the record in the case remained as it was at the time the order for publication was made, and nothing further appeared thereon at the time of the first argument of this motion. Subsequent to the argument on the motion, but before the court had ruled thereon, plaintiff presented the return of the marshal on the writ of attachment. This return showed that on the 10th day of April, 1907, under the writ theretofore issued, he had seized certain mines, mining claims, and water rights, the property of the defendant. Thus it now appears that at the time the order for substituted service was granted the court had actually taken into its possession and held under its control, by virtue of a levy under a writ of attachment, property of the defendant, though this fact did not at the time of the granting of the order for publication appear upon the record, nor is there anything to show that the judge who granted the order was cognizant of such seizure. Plaintiff

3 A.R.—17

does not contend that this fact had been brought to the attention of the judge. After the filing of the return of the marshal, the court permitted counsel to reargue the motion to set aside the substituted service, in the light of the record as it then stood.

Malony & Cobb, for plaintiff.
Shackleford & Lyons, for defendant.

GUNNISON, District Judge. The question decisive of this motion is: Where an application is made to a court or judge for an order for substituted service upon a nonappearing nonresident or a foreign corporation, must there affirmatively appear to the court or judge, in addition to those facts required by section 47 of the Code of Civil Procedure, the further fact that property of the defendant has been seized by the court, in order to give the court or judge jurisdiction to make the order for the service of the summons by publication? In other words, if that fact does not affirmatively appear to the court, can the court grant the order for the service of summons by publication? The defendant contends that there was no authority to make the order on the showing made in this case, that such fact is jurisdictional, and that, unless it appears either on the record or by the affidavit, the court does not obtain jurisdiction to make the order. Counsel cites to the court the case of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, which it is asserted lays down that rule.

But, first, the provisions of the statute should be examined. Code Alaska, § 47, p. 153, provides:

"When service of summons cannot be made as prescribed in the last preceding section, and the defendant, after due diligence, cannot be found within the district, and when that fact appears by affidavit to the satisfaction of the court, or judge thereof, * * * and it also appears that a cause of action exists against the defendant, and that he is a proper party to an action relating to real or

personal property in the district, the court, or the judge thereof, *. * * shall grant an order that the service be made by publication of the summons in either of the following cases: First. When the defendant is a foreign corporation and has property within the district, or the cause of action arose therein."

All the jurisdictional facts required by the statute to be shown, where the service of summons is sought to be had by publication upon a nonresident corporation, are there specifically stated. They are (1) that the defendant is a foreign corporation; (2) that personal service of the summons cannot be made in the district as prescribed by the Code; (3) that the defendant cannot, after the exercise of due diligence, be found in the district; (4) that defendant owns property in the district; (5) that a cause of action exists against the defendant, or that it is a proper party to an action relating to real or personal property within the district. These facts, then, must appear by affidavit to the satisfaction of the court, or judge, and when they do so appear the judge must grant an order directing service to be made by publication of the summons. It also appears in section 485 of the Code, at page 248, that:

"No corporation is subject to the jurisdiction of the district court of the district unless it appear in the court, or have been created by or under the laws of the district or have an agency established therein for the transaction of some portion of its business, or have property therein; and in the last case, only to the extent of such property at the time the jurisdiction attached."

That is, a foreign corporation which does not appear or does not do business within the district, as in the case at bar, is not subject to the jurisdiction of the court, except it owns property within the district, and then it can be subjected to the jurisdiction of the court only to the extent of the property in the district which is owned at the time the court obtained jurisdiction of the corporation. No liability can be enforced

beyond the value of such property, and the judgment of the court will act only on such person or property as the court can by due process of law bring within its jurisdiction and control. Both section 47 and section 485 are merely declarative of an established rule of law.

The defendant admits that there is no further fact declared by statute to be jurisdictional to the issuance of an order for substituted service; but it contends that the Supreme Court of the United States, by its decision in Pennoyer v. Neff, supra, has made an additional requirement, not legislative, but judicial; that it has laid down an additional jurisdictional fact which must appear to the court before the order can be granted; and that, since this decision was rendered in a case construing a section of the Oregon Code which is identical with that under consideration, the rule there announced became the settled law of the state of Oregon and is binding upon the courts of Alaska. Counsel also cite in support of that contention certain Oregon cases. There can be no doubt, if the rule urged has been there laid down, that it is binding upon the courts of Alaska. An examination of the cases cited is necessary to determine whether or not that contention is correct.

In the leading case of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, Neff brought the action against Pennoyer for the recovery of land. Both parties claimed the title, Neff under a United States patent, and Pennoyer by virtue of a sheriff's sale upon an execution under a judgment rendered in an action entitled Mitchell v. Neff. Neff, the defendant in that case, was at that time a nonresident of the state of Oregon, but owned property therein. That was an action in personam, and jurisdiction of Neff was obtained by a substituted service. No attempt was made in that case to seize the property until after judgment, when a levy and sale were had under an execution issued pursuant to the default judgment. Neff

did not appear. It will be seen that the facts in Mitchell v. Neff were not similar with the case at bar.

In the trial of the case of Pennoyer v. Neff, Pennoyer offered in evidence the certified copies of the complaint, summons, order of publication, the affidavit of service by publication, and the judgment in Mitchell v. Neff. To this offer Neff objected, on the ground that they did not show jurisdiction to give judgment either in personam or in rem. The question decided was not that the court was without jurisdiction to make the order of publication of summons, but whether the court had before it, when it gave the judgment in that case, sufficient facts to warrant the entry of the judgment. The Supreme Court said:

"The case turns on the validity of the judgment in the case of Mitchell v. Neff."

The court refused to consider the ruling of the court below as to the defects in the affidavit upon which the order of publication was issued, saying that:

"Inasmuch as the statute requires for an order of publication that certain facts shall appear by affidavit to the satisfaction of the court, or judge, defects in the affidavit can only be taken advantage of on appeal or by some other direct proceeding, and cannot be urged to impeach the judgment collaterally."

From a careful examination of that decision, I conclude that the point decided referred entirely to the judgment, and not only did the court not lay down the rule for which defendant contends, but that it had no such rule in contemplation. An indication of this is found in the quotation from Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931, which is incorporated in the decision:

"The court in such a suit [against a nonresident defendant sought to be brought in by substituted service] cannot proceed unless the officer finds some property of the defendant on which to levy the writ of attachment. A return that none can be found is the end of the

case, and deprives the court of further jurisdiction, *though the publication may have been duly made and proven in court.*"

To the proposition there laid down, the court specifically and clearly announces its approval; and had it intended that the rule for which defendant contends should be deduced from its decision, the language there quoted, which is entirely contrary to such a view, would not, I apprehend, have been used. Indeed, I think the contrary must be taken to be the fact, and, as "the decision is only an authority for what it actually decides" (26 Am. & Eng. Enc. of L. [2d Ed.] 169), I am of the opinion that Pennoyer v. Neff is not authority for the proposition urged by defendant. It is a fact that the Supreme Court of Oregon, in Willamette Real Estate Co. v. Hendrix, 28 Or. 485, 42 Pac. 514, 52 Am. St. Rep. 800, and Bank of Colfax v. Richardson, 34 Or. 518, 54 Pac. 359, 75 Am. St. Rep. 664, does lay down that proposition; but it is also a fact that in each case Pennoyer v. Neff is cited as the authority for it. Then, too, in neither of those cases is that question before the court for determination. The validity of the judgment, and not of the order for substituted service, was the matter decided in each. The proposition of law applied to this case cannot, I think, be more clearly or concisely stated than by quoting the language of the Supreme Court of Oregon in Bank of Colfax v. Richardson, supra, used by it in its discussion of the decision in Pennoyer v. Neff:

"By the ruling * * * the proceedings in such an action, even if they conform strictly in every particular to the requirement of the statutes of this state, are ineffectual [i. e., to enable the court to render a valid judgment] unless some property of the defendant is brought at the inception of the case under the control of the court and subjected to its disposition by writ of attachment or other process for that purpose."

· Plainly all that need to appear to the court, or judge on the application for an order for substituted service of summons are the facts required by statute to authorize the court to

grant the order. But the plaintiff proceeds at his peril when he applies and obtains the order for publication of summons before the property has been seized, for a court cannot render a valid judgment in an action in personam where the property of defendant has not been seized before jurisdiction of the controversy is obtained by substituted service. There must be something under the control of the court which can be subjected to the payment of such judgment as may be rendered before the court will enter judgment in an action of this kind.

In the case at bar, the affidavit states the facts declared by the statute as requisite for the issuance of the order of service of the summons by publication, and at the time that order was made property had been seized under a writ of attachment. This, in my opinion, complies with the requirement of the rule laid down in Pennoyer v. Neff, and with the statute.

The motion should be denied.